UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| KENNETH LEE FARROW, | ) | CASE NO. 17-57740-PMB |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS, as Chapter 7 Trustee For Kenneth Lee Farrow, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY PROCEEDING |
| v. | ) | NO. 17-05297-PMB |
| | ) | |
| NANCY MOCK, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

COMES NOW Nancy Mock, Defendant in the above-styled action, by and through the undersigned counsel, and answers the allegations of Plaintiff's Complaint as follows:

**AFFIRMATIVE DEFENSES**

Defendant, for her Affirmative Defense, and without waiver of the obligation of Plaintiff to prove each and every element of his claims, asserts the following affirmative defenses:

1.

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.

To preserve important legal rights and protections, Defendant has set forth these affirmative defenses based solely upon the allegations in the Complaint and the

1

information presently available to her. Defendant believes the affirmative defenses do or may apply to some or all of the claims raised in the Complaint. Defendant reserves the right to raise additional affirmative defenses or to withdraw or modify some or all of the affirmative defenses set forth above, in whole or in part, depending on the outcome of discovery in this civil action.

## **ANSWER TO ALLEGATIONS IN THE COMPLAINT**

1.

Admitted.

2.

Admitted.

3.

Admitted upon information and belief.

4.

Admitted.

5.

Admitted.

6.

Admitted.

7.

Admitted.

8.

Admitted upon information and belief.

9.

Admitted upon information and belief.

10.

Defendant admits that a warranty deed was filed. Defendants lacks sufficient information to admit or deny the book and page number at which the warranty deed was filed.

11.

Admitted.

12.

Admitted.

13.

Admitted.

14.

Admitted.

15.

Admitted.

16.

Denied.

17.

Defendant is without sufficient knowledge to admit or deny the allegations contained within Paragraph 17 and therefore must deny the same. Defendant specifically denies the implication that the Security Deed did not provide notice of the Security Deed or its contents.

## COUNT I

Defendant hereby realleges and incorporates Defendant's responses to Paragraphs 1 through 17 of Defendant's Answer as if completely set forth herein.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

## COUNT II

23.

Defendant hereby realleges and incorporates Defendant's responses to Paragraphs 1 through 22 of Defendant's Answer as if completely set forth herein.

24.

Admitted.

25.

Admitted.

26.

Denied.

## COUNT III

27.

Defendant hereby realleges and incorporates Defendant's responses to Paragraphs 1 through 26 of Defendant's Answer as if completely set forth herein.

28.

Denied.

Defendant denies that Plaintiff is entitled to the relief sought in the un-numbered "Wherefore" paragraph following Paragraph 28 of the Complaint.

## GENERAL DENIAL

Any allegation not previously expressly admitted or denied, is hereby expressly denied.

WHEREFORE, having answered Plaintiff's complaint, Defendant prays that:

a) This Complaint be dismissed with prejudice,

b) Defendant be awarded the costs and expenses of the suit, including reasonable attorney's fees, incurred in responding to the Complaint; and

c) Defendant be awarded any additional relief as the Court deems just and proper.

This 1st day of February, 2018

/s/
Will Geer
Georgia Bar No. 940493
wgeer@wiggamgeer.com

Wiggam & Geer, LLC
333 Sandy Springs Circle, NE, Suite 225
Atlanta, Georgia 30328
Telephone: (678) 587-8740

Facsimile: (404) 287-2767

/s/

5

                                                                                   T. Brandon Welch  
                                                                                   Georgia Bar No. 152409  
                                                                                   brandon@stillmanwelch.com  
                                                                                   Attorney for Defendant

Stillman Welch, LLC  
3453 Pierce Drive  
Suite 150  
Chamblee, Georgia 30341  
Telephone: (404) 895-9040  
Facsimile: (404) 907-1819

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| KENNETH LEE FARROW, | ) | CASE NO. 17-57740-PMB |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS, as Chapter 7 Trustee | ) | |
| For Kenneth Lee Farrow, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY PROCEEDING |
| v. | ) | NO. 17-05297-PMB |
| | ) | |
| NANCY MOCK, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing *Defendant's Answer* via the CM/ECF system to:

Michael J. Bargar
ARNALL GOLDEN GREGORY LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
michael.bargar@agg.com

This 1st day of February, 2018

s/
Will Geer
Georgia Bar No. 940493
wgeer@wiggamgeer.com

Wiggam & Geer, LLC
333 Sandy Springs Circle, NE, Suite 225
Atlanta, Georgia 30328
Telephone: (678) 587-8740

/s/

                                                        T. Brandon Welch  
                                                        Georgia Bar No. 152409  
                                                        brandon@stillmanwelch.com  
                                                        Attorney for Defendant

Stillman Welch, LLC  
3453 Pierce Drive  
Suite 150  
Chamblee, Georgia 30341  
Telephone: (404) 895-9040  
Facsimile: (404) 907-1819